# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| J WHITE, L.C., a Utah limited liability company; WWIG LLC, a Utah limited liability company; and WW-ARIS LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY WISEMAN, an individual; GWSVR, LLC, a Wyoming limited liability company; APARTMENT MANAGEMENT CONSULTANTS, a Utah limited liability company; RENTERS LEGAL LIABILITY LLC, a Utah limited liability company; RENTERS LEGAL LIABILITY RISK PURCHASING GROUP, INC., an Illinois corporation; DOE INDIVIDUALS, I THROUGH CCL; ROE CORPORATIONS, I THROUGH CCL; and POE CORPORATIONS, I THROUGH L,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:16-cv-01179-CW-PMW<br><br><br><br>**District Judge Clark Waddoups**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiffs' motion for leave to amend complaint.[2] The court has carefully reviewed the written memoranda submitted by the

---

[1] *See* docket no. 60.

[2] *See* docket no. 95.

parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

Plaintiffs filed the original complaint in this action on November 21, 2016.[3] Defendants moved to dismiss Plaintiffs' original complaint.[4] Instead of opposing Defendants' motions to dismiss, Plaintiffs elected to amend their complaint. Plaintiffs' first amended complaint was filed on May 5, 2017.[5] As a result of that filing, Defendants' motions to dismiss the original complaint were found to be moot.[6]

On June 2, 2017, Defendants moved to dismiss Plaintiffs' first amended complaint.[7] On April 26, 2018, Judge Waddoups issued an order granting Defendants' motions to dismiss with respect one of Plaintiffs' claims and denying the motions with respect to all other claims.[8] Judge Waddoups also provided Plaintiffs with leave to file a second amended complaint. Judge Waddoups ordered that Plaintiffs' second amended complaint was to address only the issues raised during the hearing on the motions to dismiss. Judge Waddoups did not allow Plaintiffs to

---

[3] *See* docket no. 2.

[4] *See* docket nos. 13, 15.

[5] *See* docket no. 27.

[6] *See* docket nos. 53, 54.

[7] *See* docket nos. 34, 35.

[8] *See* docket no. 64.

add claims or parties by way of their second amended complaint. Plaintiffs filed their second amended complaint on June 7, 2018.[9]

On July 18, 2018, the parties filed a stipulated motion to amend the scheduling order.[10] On July 19, 2018, this court granted that motion and issued an amended scheduling order that, in relevant part, extended the deadline for filing a motion to add additional parties to December 7, 2018.[11]

On September 13, 2018, the parties filed a stipulated motion to allow them additional time to amend their pleadings.[12] On September 25, 2018, this court granted that motion and provided Plaintiffs until September 28, 2018, to file their third amended complaint.[13] Plaintiffs filed their third amended complaint on September 28, 2018.[14]

On November 2, 2018, the parties filed a stipulated motion to amend the scheduling order.[15] On November 5, 2018, this court granted that motion and issued an amended scheduling order that, in relevant part, extended the deadline for filing a motion to add additional parties to February 8, 2019.[16]

---

[9] *See* docket no. 70.

[10] *See* docket no. 75.

[11] *See* docket no. 76.

[12] *See* docket no. 81.

[13] *See* docket no. 84.

[14] *See* docket no. 85.

[15] *See* docket no. 89.

[16] *See* docket no. 90.

On January 25, 2019, the parties filed a stipulated motion to amend the scheduling order.[17] On January 28, 2019, this court granted that motion and issued an amended scheduling order that, in relevant part, extended the deadline for filing a motion to add additional parties to March 25, 2019.[18] Pursuant to the parties' discussions about that amended scheduling order, they stipulated to the inclusion of a footnote that provides: "In the event additional parties are named on or before this deadline, the parties reserve the right to seek leave to extend all discovery deadlines and increase discovery limitations."[19]

On March 25, 2019, Plaintiffs filed the motion currently before the court, in which they seek leave to file a fourth amended complaint.[20] In their proposed fourth amended complaint, Plaintiffs seek leave to add additional parties. Plaintiffs generally contend that they did not learn of the identities of those additional parties until recently before the time their motion was filed. Defendants oppose Plaintiffs' motion.

## ANALYSIS

Plaintiffs' motion is brought under Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision about whether to provide a party leave to amend its pleadings "is within the

---

[17] *See* docket no. 93.

[18] *See* docket no. 94.

[19] *Id.* at 5 n.2.

[20] *See* docket no. 95.

discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted). The court will address those factors in turn.

**I.     Undue Delay**

Plaintiffs contend that their motion is timely and was not unduly delayed. Plaintiffs argue that their motion was filed by the deadline most recently ordered by the court. Plaintiffs further argue that by stipulating to an extension of the deadline for motions to add parties, Defendants contemplated that Plaintiffs would be filing a motion to add additional parties.

The court agrees with Plaintiffs' arguments. By agreeing to extend the deadline for motions to add parties, Defendants knew, or should have known, that Plaintiffs would potentially move for leave to amend their complaint on or before that extended deadline. If Defendants had objections to the potential that Plaintiffs would seek leave to amend their complaint, Defendants should not have agreed to extend the deadline for filing such motions. Because Plaintiffs' motion was filed prior to the relevant deadline and was contemplated by the parties through their stipulated motion to amend the scheduling order, the court concludes that Plaintiffs' motion was not unduly delayed.

Notwithstanding the foregoing, the court does have some concerns about Plaintiffs' diligence in identifying relevant parties and seeking leave to add those parties. At this point, the court accepts as being made in good faith Plaintiffs' assertion that they only recently discovered

the parties to be added by way of their fourth amended complaint. However, if Plaintiffs seek leave to add additional parties in the future, any such motion will be closely scrutinized by this court for undue delay.

**II.     Undue Prejudice**

For substantially the same reasons that Plaintiffs argue that their motion was not unduly delayed, Plaintiffs contend that Defendants will not be unduly prejudiced by Plaintiffs' proposed amendment. Specifically, Plaintiffs point to the above-referenced footnote in the most recent scheduling order and note that said footnote was included at Defendants' insistence. Consequently, Plaintiffs argue, Defendants cannot now claim undue prejudice when they expressly considered the fact that Plaintiffs might seek leave to add additional parties and the corresponding effects that would have on discovery deadlines and limitations.

The court again agrees with Plaintiffs' arguments. If Defendants believed they would be unduly prejudiced by the addition of parties, they should not have agreed to extend the deadline for filing motions to add parties. By expressly considering the potential that Plaintiffs would seek leave to add additional parties and agreeing to an extended deadline for Plaintiffs to do so, Defendants cannot now claim undue prejudice.

However, as stated above, the court has some reservations about Plaintiffs' diligence in identifying relevant parties and seeking leave to add those parties. Consequently, if Plaintiffs seek leave to add additional parties in the future, any such motion will be closely scrutinized by this court for undue prejudice.

### III. Bad Faith or Dilatory Motive

As noted above, the court accepts as being made in good faith Plaintiffs' assertions concerning the recent discovery of the additional parties to be added by way of their fourth amended complaint. Accordingly, at this point, the court cannot ascribe to Plaintiffs any bad faith or dilatory motive. However, for the same reasons previously stated, any future attempts by Plaintiffs to add additional parties will be closely scrutinized by this court for bad faith or dilatory motive.

### IV. Failure to Cure Deficiencies in Previous Amendments

Given Plaintiffs' assertion that they only recently learned of the additional parties they seek to add by way of their fourth amended complaint, which the court accepts as being made in good faith, Plaintiffs could not have added those parties by way of previous amendments.

### V. Futility of Amendment

Defendants argue, for various reasons, that Plaintiffs' motion should be denied because the claims against the parties to be added by way of Plaintiffs' fourth amended complaint are futile. At this juncture, the court cannot conclusively determine whether those claims are futile. In the court's view, that determination would be best made through any dispositive motions to be filed by the newly added parties. Furthermore, the court concludes that any arguments in support of any such dispositive motions are best made by the additional parties to be added, not by Defendants.

### **CONCLUSION AND ORDER**

After considering the relevant factors, the court concludes that Plaintiffs should be provided with leave to file their fourth amended complaint. Accordingly, IT IS HEREBY

ORDERED that Plaintiffs' motion for leave to amend complaint[21] is GRANTED. Plaintiffs shall file their fourth amended complaint within fourteen (14) days after the date of this order.

    IT IS SO ORDERED.

    DATED this 13th day of September, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[21] *See* docket no. 95.