Christopher S. Hill (9931)
Julie E. Kenworthy (9536)
**KIRTON | McCONKIE**
36 S. State Street, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
chill@kmclaw.com
jkenworthy@kmclaw.com
*Attorneys for Non-Party Thompson Michie Associates, LLC*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| J WHITE, L.C., *et al*,<br><br>Plaintiffs,<br><br>vs.<br><br>GREGORY WISEMAN, *et al.,*<br><br>Defendants. | **NON-PARTY THOMPSON MICHIE ASSOCIATES, LLC'S OBJECTIONS AND EXPEDITED SHORT FORM DISCOVERY MOTION TO QUASH PLAINTIFFS' SUBPOENA**<br><br>Case No.: 2:16-cv-01179-CW-PMW<br><br>District Judge Clark Waddoups<br><br>Chief Magistrate Judge Paul M. Warner |

Pursuant to, *inter alia,* DUCivR 37-1, non-party Thompson Michie Associates, LLC ("TMA"), through its counsel, serves these objections and respectfully moves the Court to quash Plaintiffs' Subpoena. A copy of the Subpoena is attached hereto as Exhibit A ("Subpoena").[1]

**OBJECTIONS**

The Court should quash Plaintiffs' Subpoena as it is (1) untimely, (2) unduly burdensome and (3) an improper fishing expedition.

---

[1] Plaintiffs failed to include a copy of DUCivR 37-1 with the Subpoena per DUCivR45-1.

1. Plaintiffs fail to allow a reasonable time to comply with the Subpoena. *See* FED. R. CIV. 45(d)(3)(A)(i). On December 10, 2019, Plaintiffs served the Subpoena commanding the production of documents on December 20, 2019. Plaintiffs' Requests extend into every lease in every single property managed in multiple properties located in multiple states over a ten year plus time period. The ten days Plaintiffs allowed for TMA to comply with the Subpoena is not reasonable. Additional time, however, is not an option as it would place the deadline for production after the discovery deadline. (Docket No. 123); *See Holmes v. State of Utah*, No. 2:12-CV-1098, 2014 WL 1329352 *1 (D. Utah April 2, 2014) (Subpoenas must comply with discovery cutoffs.)

2. Plaintiffs failed to "take reasonable steps to avoid imposing undue burden or expense on [TMA]..." FED. R. CIV. P. 45(d)(1) and 45(d)(3)(A)(iv). As noted, Plaintiffs' Requests are expansive. Plaintiffs' definition of "tenant" refers to thousands of individuals over a ten-year period of time, while Request Nos. 4-9 have no time limit and Request Nos. 6-9 seek "all documents referencing" information without any connection to the parties in this case. (*See* Subpoena.)

Plaintiffs' requests seek the review and production of potentially hundreds of thousands of documents which would require an expense beyond what should reasonably be imposed on a non-party. *See Phillip M. Adams & Assocs., LLC v. Fujitsu Ltd.*, No. 13-CV-02188-SI, 2010 WL 1064429 *3 (D. Utah Mar. 18, 2010). For example, TMA has managed approximately 5,000 units/year over the last nine years—approximating 45,000 documents. Furthermore, it is estimated that 20% of the residents over the years paid for the "RLL" program on a monthly basis—approximating 108,000 transactions. Reviewing and compiling the requested information would take a significant number of man hours over the course of several weeks, not to mention

the adverse impact the diversion of such employees' time will have on TMA's productivity and bottom line and the fact that many of TMA's employees are out of the office for Christmas vacations. Furthermore, TMA has changed management software twice in the requested time period and access to the old systems is limited. *See* Rule 45(e)(1)(D). This is an undue and unreasonable burden for TMA to bear.

Plaintiffs also seek documents between TMA and RLL, a defendant. As a party to this case, Plaintiffs should seek these documents from RLL. *See* FED. R. CIV. P. 26(b)(2)(C); *Richards v. Convergys Corp.*, 2:05-CV-00812 DAK, 2007 WL 474012 *4-5 (D. Utah Feb. 6, 2007).

3. Finally, nonparties are to be protected against "fishing expeditions" through their records and the invasion of corporate privacy. *See id.* Plaintiffs' Subpoena seeks information which is "outside the scope permitted by Rule 26(b)(1) (*i.e.,* irrelevant information)." This veiled fishing expedition should not be allowed. FED. R. CIV. P. 26(b)(2)(C)(iii).

For the reasons outlined above, TMA hereby objects to the Subpoena in its entirety and asks the Court to quash Plaintiffs' Subpoena. A proposed order granting such relief is attached hereto.

DATED this 20th day of December, 2019.

        KIRTON MCCONKIE

        /s/ Christopher S. Hill
        Christopher S. Hill
        Julie E. Kenworthy
        *Attorneys for Non-Party Thompson Michie Associates, LLC*

## MEET AND CONFER CERTIFICATION

The parties met and conferred concerning the relief sought herein on December 20, 2019 at 9:30 am via phone conference. The attorneys who participated in that phone conference included Marcia Fuller-Durkin on behalf of the Plaintiffs and Julie Kenworthy on behalf of non-party Thompson Michie Associates, LLC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Teena Sanders