# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **J WHITE, L.C., a Utah limited liability company; WWIG LLC, a Utah limited liability company; and WW-ARIS LLC, a Utah limited liability company,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GREGORY WISEMAN, an individual; GWSVR, LLC, a Wyoming limited liability company; APARTMENT MANAGEMENT CONSULTANTS, a Utah limited liability company; RENTERS LEGAL LIABILITY LLC, a Utah limited liability company; RENTERS LEGAL LIABILITY RISK PURCHASING GROUP, INC., an Illinois corporation; DOE INDIVIDUALS, I THROUGH CCL; ROE CORPORATIONS, I THROUGH CCL; and POE CORPORATIONS, I THROUGH L,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:16-cv-01179-CW-JCB**<br><br><br><br><br><br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is non-party Thompson Michie Associates, LLC's ("TMA")

---

[1] ECF No. 60.
[2] ECF No. 35.

Short Form Discovery Motion to Quash Subpoena.[3] Under DUCivR 7-1(f), the court has concluded that oral argument is unnecessary and therefore decides the motion on the written memoranda. Having reviewed the motion, parties' briefs, and relevant law, the court grants the motion for the reasons set forth below.

## BACKGROUND

On December 10, 2019, Plaintiffs J. White, L.C., WWIG, LLC, and WW-ARIS, LLC (collectively, "J. White") served a subpoena duces tecum on non-party TMA. TMA is a property management company that allegedly participated in a similar insurance program as Apartment Management Consultants, LLC ("AMC") and Renters Legal Liability, LLC ("RLL"), two of the Defendants in this case. In the instant motion, TMA moves to quash the subpoena on the grounds that it is overbroad, fails to allow a reasonable time for compliance, and subjects TMA to undue burden.[4] J. White opposes the motion.

## LEGAL STANDARDS

Before addressing the motion, the court sets forth the following general legal standards governing discovery. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[3] ECF No. 170.
[4] *Id.* at 1.

Fed. R. Civ. P. 26(b)(1). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

A subpoena served on a third party pursuant to Rule 45 of the Federal Rules of Civil Procedure is considered discovery within the meaning of the rules. *Rice v. United States*, 164 F.R.D. 556, 556-57 (N.D. Okla. 1995). Accordingly, the above considerations of both relevance and proportionality govern the subpoena at issue in this case. Under Rule 45, a person subject to a subpoena may file a written objection and seek to have the subpoena modified or quashed on the grounds that it fails to allow a reasonable time for compliance, requires disclosure of privileged or other protected materials not subject to any exception, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv). Moreover, Rule 45 creates an obligation for an attorney to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1).

Courts within the Tenth Circuit have noted that discovery requests may be facially overbroad when they use terms such as "any and all," "referencing," or "pertaining to" with respect to a broad category of documents. *See, e.g., United States v. Childs*, No. CR-09-146-D, 2018 WL 775018, at *5 (W.D. Okla. Feb. 7, 2018) (citing *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 539 (D. Kan. 2003)); *Richards v. Convergys Corp.*, Nos. 05-cv-790, 05-cv-812, 2007 WL 474012, at *4 (D. Utah Feb. 7, 2007). Discovery requests should be reasonably specific to allow the responding party to readily identify what is needed. *Pulsecard, Inc. v. Discover Card Servs., Inc.*, No. CIV. A. 94-2304-EEO, 1996 WL 397567, at *10 (D. Kan. July

11, 1996). Requests that are worded too broadly or are too all inclusive of a general topic require the responding party to engage in "mental gymnastics" to determine what information may or may not be remotely responsive. *Id.* (request requiring party to produce documents "concerning" a broad range of items "requires the respondent either to guess or move through mental gymnastics which are unreasonably time-consuming and burdensome to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request").

## ANALYSIS

The court concludes that compliance with the subpoena would be unreasonable because, as shown below, the requests are (I) overbroad and (II) unduly burdensome. Therefore, the subpoena is quashed.

### I.    Overbroad

As drafted, the discovery requests are overbroad and not narrowly tailored in scope. The subpoena seeks, among other materials, TMA communications or documents involving RLL and TMA's insurance or waiver programs, monies related to the administration and implementation of RLL's programs, any state department of insurance related to RLL, or waving Tenants' insurance requirements.[5] The subpoena also seeks documents that include the following phrases: property damage loss waiver, property damage liability waiver, or owner damage loss waiver.[6] All the requests are drafted using blanket terms such as "all documents," "all written and/or

---

[5] ECF No. 170-1 at ¶¶ 1-5, 9.
[6] *Id.* at ¶¶ 6-8.

electronic communications," "all documents referencing," "all documents showing," and "all documents related to," and nearly all requests are without any reference to scope or time. The terms do not call for specific documents but apply to a very broad, general category of documents and other materials. Such requests are so broad and open-ended in scope that compliance would necessitate disclosure of a large number of documents that are irrelevant to the issues in this case.

## II.   Undue Burden

Even omitting the blanket terminology, the court still finds the subpoena places an undue burden on TMA because it calls for TMA to turn over every document containing the phrases "property damage loss waiver," "property damage liability waiver," or "owner damage loss waiver," regardless of the documents' relevance to the claims in the case.[7] Moreover, the subpoena seeks not only documents between TMA and RLL, but "all documents related to waving Tenants' insurance requirement" for "any and all persons [who had] a residential lease agreement" with TMA since 2010 irrespective of any connection to RLL.[8] To comply with the subpoena TMA would have to sift through and compile tens of thousands of documents from an unknown number of sources which imposes a substantial burden upon the entity that is not necessary or proportional to the needs of the case.

---

[7] *Id*.
[8] *Id*. at ¶ 3.

## CONCLUSION

Accordingly, the court finds that TMA is relieved from complying with the subpoena and quashes the subpoena. In reaching this conclusion, the court makes no determination as to whether the subject information is non-discoverable but determines only that J. White's requests, in their current form, exceed the permissible scope of discovery. Although the court may, in its discretion, narrow or modify overly broad discovery requests, it is not required to do so, and will not here due to the sheer overreach of J. White's requests.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that TMA's Motion to Quash Subpoena[9] is GRANTED.

IT IS SO ORDERED.

DATED this 29th day of June, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[9] ECF No. 170.