# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **J WHITE, L.C., et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GREGORY WISEMAN, et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:16-cv-01179-CW-JCB**<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Defendants Gregory Wiseman, GWSVR, LLC, Apartment Management Consultants, LLC, and AMC-CA's (collectively, "AMC Defendants") Short Form Discovery Motion.[3] Under DUCivR 7-1(f), the court has concluded that oral argument is unnecessary and therefore decides the motion on the written memoranda. Having reviewed the motion, parties' briefs, and relevant law, the court grants the motion for the reasons set forth below.

## BACKGROUND

Approximately one year ago, Plaintiffs J White, L.C., WWIG, LLC, and WW-ARIS, LLC (collectively, "J White") certified that their document production was complete. After reviewing that discovery production, the AMC Defendants identified significant problems with the production that rendered it essentially nonresponsive to the discovery requests. For example, J White's production omitted whole categories of documents, generated multiple documents as single PDF documents, and

---

[1] ECF No. 60.
[2] ECF No. 35.
[3] ECF No. 211.

delivered electronically stored information ("ESI") without the native file metadata that is essential for verification ("Original Production"). Admitting their mistake, J White agreed to replace their document production with a new production.

The AMC Defendants received a portion of the replacement production ("Replacement Production") on December 24, 2019, and were told to expect the remaining portion of documents in the next several weeks.[4] An initial review of the documents revealed that the Replacement Production suffered from its own set of deficiencies. Apart from being incomplete, the Bates numbers used in the Replacement Production do not correspond to the Bates numbers used in the Original Production. The AMC Defendants also allege that the Replacement Production is so haphazardly organized that it is impossible to ascertain which documents are replaced without incurrence of substantial burden and cost. Without corresponding Bates numbers or another system for organization, the AMC Defendants are unable to determine which documents are "designated," "re-designated," or "undesignated" under the standing protective order—important classifications that have been negotiated at length by the parties throughout the case.

In the instant motion, the AMC Defendants seek to compel J White to complete the document production and to organize and label the documents with corresponding Bates numbers to enable them to identify which documents are being replaced. In response, J White argues that they should not be required "to engage in [such] a time consuming and unnecessary process" when nothing in the rules requires them to do so.[5] J White does not refute that the Replacement Production is incomplete.

---

[4] As of the date of the instant motion, the AMC Defendants have not received the remaining documents, and as of the date of this Order, the court has not been made aware that the AMC Defendants have since received the remaining documents.

[5] ECF No. 215 at 3.

**LEGAL STANDARD**

District courts are entitled to broad discretion and authority in controlling and managing pretrial discovery matters to ensure that cases move to a timely and orderly conclusion. *Smith v. Ford Motor Co.*, 626 F.2d 784, 794 (10th Cir. 1980). The Federal Rules of Civil Procedure allow for broad discovery of material that does not need to be admissible at trial. Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund. Inc., v. Sanders,* 437 U.S. 340, 351–52 (1978). Discovery is designed to help define and clarify the issues in a case. *Hickman v. Taylor,* 329 U.S. 495, 501 (1947).

Fed. R. Civ. P. 34 governs requests for production of documents and ESI. Rule 34(b)(1)(A) states that a requesting party "must describe with reasonable particularity each item or category of items to be inspected." Rule 34(b)(2)(E)(i) permits a party responding to a request for production to either "produce documents as they are kept in the usual course of business" or "organize and label them to correspond to the categories in the request." Additionally, when the requested documents are voluminous, the responding party has an obligation to organize the documents in such a manner that the requesting party may determine, with reasonable effort, which documents are responsive to its requests. *Armor Screen Corp. v. Storm Catcher, Inc.,* No. 07-81091-CIV, 2009 WL 291160, at *5 (S.D. Fla. Feb. 5, 2009) (explaining that a party exercising Rule 34's option to produce records as they are kept in the usual course of business should organize the documents in such a manner that the requesting party can reasonably identify which documents are responsive to its requests); *Ferrito v. IKON Office Sols., Inc*., No. 99-1496-MLB, 2000 WL 1477188, at *2 (D. Kan. Sept. 17, 2000) (stating the production of 2,000 pages of documents that were neither Bates stamped nor otherwise organized did not satisfy Rule 34); *Stiller v. Arnold*, 167 F.R.D. 68, 71 (N.D. Ind. 1996) (finding discovery sanctions were warranted where producing party failed to organize and label the 7,000 documents it produced).

## ANALYSIS

In this case, the Replacement Production does not comply with Rule 34's production standards because the documents are not organized, labeled, or otherwise arranged in a way that facilitates the AMC Defendants' ability to understand the production. The Replacement Production contains only 1,800 out of the 5,000 documents produced in the Original Production. In addition to being incomplete, the Bates numbers in the Replacement Production do not match the Bates numbers from the Original Production and are not organized in any rational or coherent way to link the two deficient productions together.

Although J White is correct in asserting that there is no rule, *per se*, that requires it to match Bates numbers between two productions, this fails to consider this Court's discretion to regulate discovery to ensure that it is relevant and proportional to the needs of this case. Fed. R. Civ. P. 26(b). Because J White's Original Production failed to abide by the terms of the original request for documents, imposing the burden upon the requesting party to decipher the connection between the Original and Replacement Production is not proportional to the needs of this case. The party that caused the problem in the first place should be responsible for the remedy.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the AMC Defendants' Short Form Discovery Motion[6] is GRANTED. J White shall produce complete and full responses to the production requests at issue. The production of documents shall be Bates stamped and indexed to identify which documents are new, which documents are replacements, and which documents are responsive to which requests. The court orders J White to comply within 30 days of this Order.

Because the court granted the AMC Defendants' motion, Fed. R. Civ. P. 37(a)(5) provides that "the court must" require the nonmoving party and/or its counsel "to pay the movant's reasonable

---

[6] ECF No. 211.

expenses incurred in making the motion, including attorney's fees" after providing the nonmoving party with "an opportunity to be heard" unless the nonmoving party's opposition to the AMC Defendants' motion was either "substantially justified" and/or whether there are "other circumstances that make an award of expenses unjust." Given that Rule 34 is silent on the procedure for organizing a corrected production of documents and J. White's counsel who opposed AMC Defendants' motion has withdrawn, the court finds "other circumstances" make an award of fees unjust. However, if J. White fails to produce and properly organize the remaining documents in its Replacement Production according to the terms in this Order, then the court will not hesitate to award fees if a subsequent motion to compel granted.

    IT IS SO ORDERED.

    DATED this 6th day of July, 2020.

BY THE COURT:

JARED C. BENNETT  
United States Magistrate Judge
